UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JAMES M. SHADEK,**

      **Plaintiff,**

v.                                       **Case No: 6:24-cv-950-RBD-EJK**

**TAMARA S. KIDD,**

      **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff's Motion for Entry of Clerk's Default against Defendant Tamara S. Kidd (the "Motion") (Doc. 14), filed July 22, 2024. For the reasons set forth below, the Motion is due to be granted.

### I. BACKGROUND

On May 23, 2024, Plaintiff filed a Complaint against Defendant for elderly abuse, fraudulent misrepresentation, fraudulent inducement, civil theft, and promissory estoppel. (Doc. 1 ¶ 1.) The Proof of Service affidavit reflects that Defendant was personally served on June 7, 2024. (Doc. 13.) Plaintiff now seeks entry of a clerk's default against Defendant for her failure to appear in this case. (Doc. 14.)

### II. LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may

enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007) (unpublished).

### III.  DISCUSSION

Federal Rule of Civil Procedure 4(e) provides that service on an individual may be perfected by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). The Proof of Service indicates that Defendant was personally served. (Doc. 13.) As a result, the Court finds that Plaintiff perfected service of process on Defendant pursuant to Federal Rule of Civil Procedure 4(e). As Defendant was served on June 7, 2024, and more than 21 days have passed with no responsive pleading filed, default is appropriate. Fed. R. Civ. P. 12(a)(1)(A)(i).

### IV.  CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion (Doc. 14) is **GRANTED**.
2. The Clerk is **DIRECTED** to enter default against Defendant Tamara S. Kidd.

**DONE** and **ORDERED** in Orlando, Florida on August 27, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE